## IN RE: BOSTWICK, JUDGE

Ohio Appeals, 2nd Dist, Franklin Co

No 2131.   Decided Oct 7, 1931

Messrs. C. M. Addison, J. E. Todd, and R. J. O'Donnell, Columbus, for Applicant.
Messrs. Newton D. Baker, Cleveland, C. S. Druggan, Columbus, and M. DeVaughn, Contra.

BY THE COURT

The constitution of 1912 placed our jurisprudence upon the theory of one trial and one review as a matter of right, with the added opportunity for consideration by the Supreme Court in stated instances. The legislature has seen fit to insert in the statutes which we now consider the requirements that before this court shall review the judgment, good cause shall be shown under §10-4 GC, and in terms makes the decision of this court final. The only analagous statute which now comes to mind relates to review in prosecutions for violation of the liquor laws, which has been in operation for a number of years.

We advert to the foregoing in a consideration of what is meant by "good cause" shown under the statute.

The case here presented, in so far as we know, is the first of its kind to have been tried and presented to judgment in Ohio. It is evident that material questions relating to the character of the proceeding, procedural steps, the validity of the statutes under which it is prosecuted, the constitutionality of §10-1 to 10-4 GC, are of interest not only to the immediate parties involved, but of great general interest in the administration of the law, and likewise the correctness of the admission of material evidence of two of the principal witnesses and the probative effect of the whole testimony is of the gravest concern to those affected.

As we interpret the statute we are not called upon to say that there is probable error on the record, but we do find that the erorrs claimed are not frivolous, but present substantial questions which should be decided upon careful and deliberate consideration which can only be assured by a complete review of the proceedings in the Common Pleas Court.

We therefore, grant leave to applicant to file his petition in error, under the terms of the statute, not later than October 22, 1931, which is thirty days after the date of the journal entry on the decision of the Comomn Pleas Court, and we will assign the case for hearing not later than thirty court days after the filing of the petition in error as required by statute.

Coming now to a consideration of the court which will hear this case on review.

We have heard and disposed of two matters arising out of the proceedings incident to the complaint against applicant. The statute is mandatory as to the time within which the hearing on review shall be heard i. e., thirty court days after the filing of the petition in error. Clearly the direct purpose of the statute is to compel prompt presentation of the case on review and indirectly and in spirit, at least, to secure a prompt decision. It thus becomes a question not only when the case can be heard, but when it can be determined. This court is faced with two statutory mandates, the observance of which practically operate in conflict. In compliance with law this court has fixed two terms of court each year in each of the eleven counties of this appellate district. These times have been fixed since October, 1930. Since the 15th of September on practically every court day we have heard four cases, and this procedure will be followed in Franklin County until October 15th. The week following, beginning October 19th, we leave for the opening of the terms and the hearing of cases in the other counties in the district, and have time allotted for the hearing and trial of cases there which will require almost continuous attention until the first of next year, at which time we return to Franklin County.

It therefore seems evident to us that we can not hear this case and dispose of it promptly without neglecting cases in other counties for which provision has heretofore been made and which should be disposed of and the proviso that the case shall be heard at any place in the district is impracticable in this action.

We, therefore, believe it advisable to ask another court to sit and determine this case.

We will notify counsel of the date of assignment and the court which will be asked to preside in the consideration of the proceeding in eror.